IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Claude Ranger, III,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, *et al.*,<br><br>    Respondents. | No. CV-19-03799-PHX-JJT (ESW)<br><br>**ORDER** |

  United States Magistrate Judge Eileen S. Willett submitted a Report and Recommendation ("R&R") (Doc. 28) recommending that the Court dismiss as untimely Petitioner Claude Ranger III's First Amended Petition Under 28 U.S.C. §2254 for a Writ of Habeas Corpus (Doc. 20). Petitioner timely filed Objections to the R&R (Docs. 33, 35, 37), and Respondents filed a Response thereto (Doc. 36). The Court will adopt in whole Judge Willett's R&R, overrule the Objection, and dismiss as untimely the First Amended Petition.

  In her concise but thorough R&R, Judge Willett correctly analyzed the limitations and timeliness issue before the Court. Petitioner's Arizona State convictions became final on February 24, 2016. Statutory tolling immediately applied because he had earlier filed an application for PCR review in the state court which had not yet been dispositioned and therefore was pending as of that date. But when the state court dismissed that PCR proceeding on November 17, 2016, and Petitioner did not seek further review, AEDPA's one-year limitations period began to run. Judge Willett correctly applied the law to

conclude that Petitioner's successively filed PCR papers did not toll that limitations period again because they were untimely, and found to be so by the state court. The AEDPA limitations period therefore ran uninterrupted for a year and expired on November 17, 2017, and it was thereafter too late to file a Section 2254 Petition absent equitable tolling or *Schlupp* claim, neither of which issues Petitioner raised. Petitioner did attempt to file for state PCR review proceedings twice more, in January 2018 and April 2019, but both attempts were too late, as the limitation period already had run. The Petition ultimately filed on April 28, 2019, then, was over 17 months untimely and without excuse.

In his Objection, Petitioner raises several arguments, all of which go solely to the merits of his claims. None address the procedural requirement of timeliness or the associate issues of tolling or *Schlupp* excuse from timeliness, which he must overcome before the Court can ever reach his merits arguments. Thus, the Court never reaches the merits arguments.

IT IS ORDERED adopting the R&R (Doc. 28) in whole and overruling Petitioner's Objections (Docs. 33, 35, 37.)

IT IS FURTHER ORDERED dismissing with prejudice, as untimely, the First Amended Petition Under 28 U.S.C. §2254 for a Writ of Habeas Corpus (Doc. 20).

IT IS FURTHER ORDERED denying a certificate of Appealability and leave to proceed *in forma pauperis*. Dismissal of the First Amended Petition is justified by a plain procedural bar.

Dated this 21st day of September, 2020.

Honorable John J. Tuchi
United States District Judge